CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 18 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT TRAVIS WILSON, JR., ) | |
| Petitioner, ) | Civil Action No. 7:05-cv-00194 |
| ) | Crim. No. 7:93-cr-00187 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Petitioner Robert Travis Wilson, Jr., a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255. Wilson challenges the sentence of imprisonment imposed upon him on October 26, 2004, upon the revocation of his supervised release. The United States filed a motion to dismiss, and Wilson responded, making the matter ripe for the court's consideration. Wilson has also filed a motion seeking to reduce his remaining term of imprisonment to a sentence of probation. Upon review of the record, the court concludes that both of Wilson's motions must be denied.

I.

Wilson was convicted and sentenced in April 20, 1995, for conspiracy to distribute cocaine. The court granted the government's motion to reduce Wilson's sentence, based on his substantial assistance, and sentenced him to 72 months imprisonment and five years of supervised release. On December 30, 1999, Wilson was released from prison. Wilson had some difficulty upholding the conditions of his release. On February 13, 2004, the court revoked Wilson's supervised release and sentenced him to four months imprisonment and 24 months of supervised release. On May 5, 2004, Wilson completed the prison term and began serving his supervised release. On July 3, 2004, Roanoke City police officers responded to reports of a domestic disturbance at the duplex belonging to Wilson's girlfriend. Officers broke up an altercation between Wilson and the girlfriend's 16-year-old son, and arrested Wilson. Ultimately, state authorities charged him with several criminal offenses, including assault and battery, attempted malicious wounding, and resisting arrest.

This court conducted a supervised release revocation hearing on October 26, 2004. The

1

court heard testimony from Wilson's federal probation officer about his pending state charges. Tr. at 5-6. At the time of the hearing, Wilson had been convicted in state court of misdemeanor assault and battery against his girlfriend's 13-year-old son, Eric Anderson, and sentenced to six months in jail, five months suspended. Another assault and battery charge had been dismissed. Felony charges for assault and battery on a police officer and attempted malicious wounding were still pending. Wilson's attorney argued to the court that Wilson would likely be acquitted of the pending charges or would be convicted of reduced charges under Virginia law. Tr. at 43-44.

The court also heard testimony about the domestic dispute from which Wilson's state charges arose. Tr. at 10-40. While Wilson and his girlfriend were arguing, her 13-year-old son hit Wilson in the back of the head with a hammer. Neighbors reported that Wilson then grabbed the boy by the throat, slammed him against the wall, and held him in a choke hold. When Wilson released him, the boy ran to the neighbor's and passed out. When a police officer arrived at Wilson's girlfriend's residence shortly after that, he found Wilson holding Ron Eric, the girlfriend's 16-year-old son, in a choke hold, while the girlfriend screamed for help. The officer ordered the men to separate, but finally resorted to pepper spray to get them apart. Wilson went in the bathroom, and the officer followed, stating that Wilson was under arrest. Wilson resisted and pushed the officer a couple of times. As the reporting officer and his backup struggled to handcuff Wilson, Ron Eric wielded a knife at Wilson. When an officer pulled his gun and ordered Ron Eric to drop the knife, he did so. At that point, Wilson allowed the officers to cuff him. Wilson testified that he grabbed Ron Eric only because the boy threatened him with a knife and that he resisted leaving the bathroom with the officer because he feared Ron Eric would stab him with the knife after the officer handcuffed him.

After hearing the evidence, the court found that Wilson had committed a Grade A violation of his supervised release conditions. Tr. at 47-48. The court based this finding on Wilson's conviction for assault and battery and his two pending felony charges. Specifically, the court stated: "[F]rom the evidence that the Court has heard, the Court believes you are guilty of both of those felony charges." The court sentenced Wilson to 24 months imprisonment, followed by 24 months

2

of supervised release.

Wilson executed his § 2255 motion on March 22, 2005. He alleges that counsel provided ineffective assistance for failing to investigate Wilson's state felony charges and so failed to inform the court that Wilson was not convicted of those counts as charged. Wilson asserts that absent counsel's error, the court would not have sentenced him so harshly. He also complains that counsel failed to object when the court sentenced Wilson for a Grade A violation.

II.

To prove that his counsel's assistance was so defective as to require reversal of his conviction or sentence, a convicted defendant must meet a two prong standard, showing both counsel's defective performance and resulting prejudice. Strickland v. Washington, 466 U.S. 668, 685 (1984). First, petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. Id. at 687-88. Second, petitioner must show that but for counsel's unprofessional errors, the result reached by a reasonable and impartial fact finder would have been different. Id. at 694-95. If it is clear that no prejudice resulted from the alleged error, the court need not inquire whether the error qualifies as incompetent representation. Strickland, 466 U.S. at 697.

> The court may:
>
> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release.

18 U.S.C. § 3583(e)(3). Pursuant to United States Sentencing Guidelines (USSG) § 7B1.1, a Grade A violation of supervised release is conduct constituting a federal, state or local crime of violence, a controlled substance offense, or an offense involving a firearm or destructive device, that is punishable by a term of imprisonment exceeding one year, or any other criminal offense punishable by imprisonment exceeding 20 years. A Grade C violation, the level at which Wilson

3

believes he should have been sentenced, is defined in § 7B1.1 as conduct constituting a federal, state or local offense punishable by imprisonment of one year or less. Even in 2003, when the court sentenced Wilson, the USSG policy statements regarding calculation of appropriate sentencing for violations of supervised release were not binding on the sentencing court. United States v. Davis, 53 F.3d 638, 640 (4th Cir. 1995). This year, the United States Supreme Court ruled in United States v. Booker, 125 S. Ct. 738 (2005) that the USSG as a whole are not mandatory, but rather, serve as guides for the court in determining a reasonable sentence.

III.

Wilson fails to state any ground for relief. It is undisputed that Wilson had not yet been tried on the state felony charges at the time of the federal revocation hearing in October 2004. Thus, counsel did not know, and could not inform the court, that Wilson would ultimately plead guilty to reduced charges in the state criminal proceedings. Counsel did argue, however, that Wilson would not likely be convicted of state felony offenses, as his conduct did not include all elements of the charged felonies under Virginia law. Tr. at 45. Counsel also argued that Wilson was guilty of, at most, a Class C violation of supervised release, with a sentencing range of six to twelve months. Id. Nevertheless, the court in its discretion found that Wilson's conduct constituted state felony offenses, thus justifying the 24-month sentence of imprisonment and 24-month sentence of supervised release imposed. This sentence is within the statutory requirements of § 3583(e)(3), and the court was not bound by the USSG provisions on which Wilson relies. Wilson cannot show that any other information or argument counsel might have presented to the court would have changed the court's opinion as to the appropriate sentence. Wilson's ineffective assistance claim thus fails under both prongs of Strickland. Furthermore, the court remains convinced that Wilson's conduct warranted the revocation sentence imposed on him in October 2004. The court will deny Wilson's § 2255 motion. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of

4

the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

IV.

Wilson has also filed a letter which the court construes as a motion for reduction of sentence. See Dkt. No. 12. Wilson asks the court to reduce his remaining term of imprisonment to probation. He states that he has received his GED, completed an anger management course, and is working as an orderly. He states that his mother is ill, and his father is unable to assist her, as he is confined to a wheelchair.

While the court commends Wilson for the positives steps he has made toward becoming a productive member of society upon his release, the court has no jurisdiction to grant the requested change to Wilson's sentence of imprisonment. See 18 U.S.C. § 3582(c) (court may not modify term of imprisonment once imposed except upon motion by the Bureau of Prisons or the government). See also Rule 35, Federal Rules of Criminal Procedure (court can correct or reduce sentence only within seven days from the entry of the judgment, upon motion by the government or upon remand from court of appeals). Accordingly, the court must deny Wilson's motion for reduction of his sentence. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This __ day of October, 2005.

/s/ James C. Turk
Senior United States District Judge

5

Case 7:05-cv-00194-JCT-mfu Document 13 Filed 10/18/05 Page 5 of 5 Pageid#: 120